**Thomas F. SICILIANO,
Petitioner, Appellant,**

v.

**George VOSE, Superintendent, MCI
Norfolk, Respondent, Appellee.**

No. 87–1085.

United States Court of Appeals,
First Circuit.

Heard Sept. 16, 1987.

Decided Dec. 3, 1987.

Harvey R. Peters, Boston, Mass., for petitioner.

Annette C. Benedetto, Asst. Atty. Gen., Crim. Bureau, with whom James M. Shannon, Atty. Gen., and Paula J. DeGiacomo, Asst. Atty. Gen., Acting Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondent.

---

Before BREYER and SELYA, Circuit Judges, and LAGUEUX,* District Judge.

BREYER, Circuit Judge.

A Massachusetts state court convicted the appellant, Thomas Siciliano, of rape. After appeals and other state court proceedings, Siciliano filed a petition for habeas corpus in the federal district court, claiming that he had wanted to testify at his trial but his attorney had not allowed him to do so. In permitting conviction under these circumstances, he says, the state has deprived him of his "liberty" without "due process of law." U.S. Const. amends. V, XIV; *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971) ("[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so."); *United States v. Ives,* 504 F.2d 935, 939 (9th Cir.1974) (defendant's right to testify is "rooted in the due process requirement of the Fifth Amendment"), *vacated on other grounds,* 421 U.S. 944, 95 S.Ct. 1671, 44 L.Ed.2d 97 (1975). The district court, after reviewing the record and reading Siciliano's factual affidavits, saw no need for a hearing and denied his petition. We believe that the district court was correct.

Appellant makes two claims on this appeal. First, he says that the Constitution requires a trial judge specifically to address a criminal defendant, to explain to the defendant that he has a right to testify, and to ask the defendant whether he wishes to waive that right. The appellant concedes that in his case the trial judge told the jury that the appellant "may testify" and appellant heard the judge say this. Appellant points out, however, that the judge did not address him directly, nor did the judge secure from him an explicit statement that he did not wish to testify.

▮ We reject appellant's first claim because we do not believe that federal law contains any such procedural requirement. As the Ninth Circuit pointed out in *Ives,* a criminal defendant "must claim" his privilege or right to testify "by attempting to take the stand or it is waived." *United States v. Ives,* 504 F.2d at 939–40 and authority there cited; *contra People v. Curtis,* 681 P.2d 504 (Colo.1984). To require the trial court to follow a special procedure, explicitly telling defendant about, and securing an explicit waiver of, a privilege *to* testify (whether administered within or outside the jury's hearing), could inappropriately influence the defendant to waive his constitutional right *not* to testify, thus threatening the exercise of this other, converse, constitutionally explicit, and more fragile right. *United States v. Ives,* 504 F.2d at 939–40; *see also Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (court's instruction allowing jury to draw unfavorable inference from defendant's failure to testify wrongfully deprives defendant of his Fifth Amendment rights); *United States v. Watkins,* 519 F.2d 294, 297 (D.C.Cir.1975) (district court's suggestion to defendant that she could rebut prejudicial evidence if she chose to testify "placed an unacceptable burden on appellant's Fifth Amendment privilege to be silent").

▮ Second, appellant claims that his attorney prevented him from testifying, that this action made his trial unlawful, and that the district court at least should have held a hearing to determine whether or not his attorney prevented him from testifying against his wishes. After examining the record, however, we do not believe that appellant made a factual allegation strong enough to require a hearing.

The record reveals the following:

1.  Appellant heard the judge say he had a right to testify but said nothing;
2.  Appellant's counsel tried, but failed, to obtain a court ruling preventing the Commonwealth from using appellant's past criminal record to impeach him, thereby leaving the Commonwealth free to introduce appellant's past record if he testified;
3.  In his affidavit appellant alleges, in conclusory fashion, that his attorney refused to allow him to "testify in [his] own behalf";

* Of the District of Rhode Island, sitting by designation.

4. Appellant's affidavit also says that the lawyer "advised me that the Commonwealth ... would not make out a case of proof beyond a reasonable doubt and, *therefore,* I should not testify in my behalf." (Emphasis added.)

The affidavit, when read in the context of the trial record, suggests that appellant knew that, legally speaking, he could testify if he chose; but he chose not to testify as a matter of trial strategy, perhaps at the strong urging of counsel. As so read, the affidavit does not demonstrate that his constitutional right to testify was violated. *United States v. Ives,* 504 F.2d at 939–40.

Of course, it is logically possible that counsel told appellant that he was *legally* forbidden to testify or in some similar way compelled him to remain silent. But, the affidavit nowhere alleges any such specific facts. *See United States v. Butt,* 731 F.2d 75, 80 n. 5 (1st Cir.1984) (in motions for post-trial relief under 28 U.S.C. § 2255 (1982), evidentiary hearings have been granted to appellants "who have claimed that their plea was induced by attorney misrepresentations only when the allegations were highly specific and usually accompanied by some independent corroboration"); *see also United States v. Giardino,* 797 F.2d 30 (1st Cir.1986) (hearing on § 2255 appeal granted after appellant produced affidavit alleging facts supporting claim of attorney misrepresentation). Nor does the record provide any reasons for concluding that any such specific factual allegations would be credible. As a result, the district judge's decision not to hold an evidentiary hearing was legally proper. *United States v. Butt,* 731 F.2d at 77 (proper to deny summarily § 2255 motions stating "nonconstitutional grounds, contentions which are 'wholly incredible,' or cognizable claims stating conclusions without specific and detailed supporting facts" (citations omitted)).

The judgment of the district court is *Affirmed.*