USCA1 Opinion

 

 October 8, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1276 UNITED STATES OF AMERICA, Appellee, v. DANIEL J. DONLON, Plaintiff, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Daniel J. Donlon on brief pro se. ________________ Jeffrey R. Howard, United States Attorney, and Peter E. Papps, __________________ _______________ First Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. We affirm the judgment of the ___________ district court denying appellant's petition to vacate, set aside or correct sentence under 28 U.S.C. 2255 for the reasons stated in the district court's carefully considered order of February 6, 1992. We add only the following. The Constitution does not guarantee petitioner a winning defense, only the assistance of counsel that, under the circumstances present at the time of trial, does not "f[a]ll below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 698 (1984); United __________ __________ ______ States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). ______ _______ "Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness [of counsel] claim." Strickland, 466 U.S. at __________ 700. Petitioner bears the burden to show the entitlement to an evidentiary hearing, Barrett v. United States, 965 F.2d _______ _____________ 1184, 1193 (1st Cir. 1992), and must affirmatively establish both the "performance" and "prejudice" components of the Strickland analysis. Strickland, 466 U.S. at 687. __________ __________ We find, in concert with the district court, that, under the "highly deferential" scrutiny ordained by Strickland, id. at 689, petitioner's proffers failed to __________ ___ "overcome the presumption that . . . the challenged action[s] 'might be considered sound trial strategy.'" Id. at 698 ___ (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). ______ _________ -2- Since appellant does not contend that his lawyer's trial conduct resulted from lack of a thorough investigation, or neglect or ignorance, tactical decisions, such as not calling particular defense witnesses in the circumstances presented here, are among the "plausible options" that are "virtually unchallengeable." Barrett, 965 F.2d at 1193 (quoting _______ Strickland, 466 U.S. at 690). As such, they "cannot be __________ second-guessed on collateral review." Id. at 1194 n.19; see ___ ___ also Natanel, 938 F.2d at 310. ____ _______ Regarding the claim that his attorney refused to allow him to testify at his trial, petitioner's affidavit, read in light of the record, suggests no more than that the defendant, upon advice of counsel, made the decision not to testify. In Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir. _________ ____ 1987), we found defendant's conclusory collateral relief claims that his attorney prevented him from testifying at his trial not supported by specific facts. Here, petitioner's affidavit that his attorney "insisted" that he not testify, and that he himself "insisted" that he wanted to testify, merely states conclusions which are totally lacking in detailed factual support. United States v. Butt, 731 F.2d ______________ ____ 75, 77 (1st Cir. 1984). So read, petitioner has failed to demonstrate that his constitutional right to testify was abridged. Siciliano, 834 F.2d at 31. Nothing in the record _________ "provide[s] any reasons for concluding that any such specific -3- factual allegations would be credible." Id. at 31 (emphasis _____ ___ added). Nor does petitioner otherwise show, much less suggest, that defense counsel overlooked a viable defense. See United States v. Porter, 924 F.2d 395, 397 (1st Cir. ___ _____________ ______ 1991). Consequently, the decision by the trial judge, who was thoroughly familiar with all the proceedings in the case, not to hold an evidentiary hearing was entirely proper. Ouellette v. United States, 862 F.2d 371, 377-78 (1st Cir. _________ _____________ 1988). The district court correctly concluded that "there is not a reasonable probability that the jury's conclusion would have been different if the evidence which petitioner now says [his] attorney ... should have offered had been presented to it," and that, accordingly, petitioner was entitled to no relief. Rule 4(b), Rules governing 2255 proceedings ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."). The judgment of the district court is affirmed. ________ -4-