976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
Daniel J. DONLON, Plaintiff, Appellant.
 No. 92-1276.
 United States Court of Appeals,
First Circuit.
 October 8, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 Daniel J. Donlon on brief pro se.
 Jeffrey R. Howard, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 We affirm the judgment of the district court denying appellant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 for the reasons stated in the district court's carefully considered order of February 6, 1992. We add only the following.
 
 
 2
 The Constitution does not guarantee petitioner a winning defense, only the assistance of counsel that, under the circumstances present at the time of trial, does not "f[a]11 below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 698 (1984); United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness [of counsel] claim." Strickland, 466 U.S. at 700. Petitioner bears the burden to show the entitlement to an evidentiary hearing, Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992), and must affirmatively establish both the "performance" and "prejudice" components of the Strickland analysis. Strickland, 466 U.S. at 687.
 
 
 3
 We find, in concert with the district court, that, under the "highly deferential" scrutiny ordained by Strickland, id. at 689, petitioner's proffers failed to "overcome the presumption that ... the challenged action[s] 'might be considered sound trial strategy.' " Id. at 698 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Since appellant does not contend that his lawyer's trial conduct resulted from lack of a thorough investigation, or neglect or ignorance, tactical decisions, such as not calling particular defense witnesses in the circumstances presented here, are among the "plausible options" that are "virtually unchallengeable." Barrett, 965 F.2d at 1193 (quoting Strickland, 466 U.S. at 690). As such, they "cannot be second-guessed on collateral review." Id. at 1194 n.19; see also Natanel, 938 F.2d at 310.
 
 
 4
 Regarding the claim that his attorney refused to allow him to testify at his trial, petitioner's affidavit, read in light of the record, suggests no more than that the defendant, upon advice of counsel, made the decision not to testify. In Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir. 1987), we found defendant's conclusory collateral relief claims that his attorney prevented him from testifying at his trial not supported by specific facts. Here, petitioner's affidavit that his attorney "insisted" that he not testify, and that he himself "insisted" that he wanted to testify, merely states conclusions which are totally lacking in detailed factual support. United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984). So read, petitioner has failed to demonstrate that his constitutional right to testify was abridged. Siciliano, 834 F.2d at 31. Nothing in the record "provide[s] any reasons for concluding that any such specific factual allegations would be credible." Id. at 31 (emphasis added). Nor does petitioner otherwise show, much less suggest, that defense counsel overlooked a viable defense. See United States v. Porter, 924 F.2d 395, 397 (1st Cir. 1991). Consequently, the decision by the trial judge, who was thoroughly familiar with all the proceedings in the case, not to hold an evidentiary hearing was entirely proper. Ouellette v. United States, 862 F.2d 371, 377-78 (1st Cir. 1988).
 
 
 5
 The district court correctly concluded that "there is not a reasonable probability that the jury's conclusion would have been different if the evidence which petitioner now says [his] attorney ... should have offered had been presented to it," and that, accordingly, petitioner was entitled to no relief. Rule 4(b), Rules governing § 2255 proceedings ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").
 
 
 6
 The judgment of the district court is affirmed.