106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth HIGH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1907.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Kenneth High, represented by counsel, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 High was convicted of conspiracy to possess cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 846 and possession of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 300 months of imprisonment. A panel of this court affirmed High's conviction and sentence. United States v. High, No. 93-1025, 1994 WL 147651 (6th Cir.1994) (per curiam).
 
 
 3
 In his § 2255 motion to vacate, High argued that: 1) the district court erred because it did not advise him of his right to testify; 2) the district court erred because it did not swear in a marshal to protect the jury during deliberations; and 3) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit.
 
 
 4
 High has filed a timely appeal, reasserting his arguments enumerated 1 and 3 above. His only argument on appeal is that the district court erred by denying a hearing on High's claim that his counsel would not permit him to testify at trial.
 
 
 5
 Initially, we note that High does not raise on appeal his argument enumerated number 2 above. As he has not argued this issue on appeal, we consider it abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Upon review, we conclude that the district court properly denied High's motion for the reasons stated in its memorandum opinion filed August 4, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). The district court did not err when it did not advise High of his right to testify at trial because it did not have a duty to advise High of his right to testify. See United States v. Joelson, 7 F.3d 174, 177 (9th Cir.), cert. denied, 114 S.Ct. 620 (1993); Ortega v. O'Leary, 843 F.2d 258, 261 (7th Cir.), cert. denied, 488 U.S. 841 (1988); Siciliano v. Vose, 834 F.2d 29, 30-31 (1st Cir.1987).
 
 
 7
 Counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). High's assertion that his counsel did not permit him to testify at trial does not constitute a substantial showing that his defense counsel forbade him to testify. See Underwood v. Clark, 939 F.2d 473, 476 (7th Cir.1991). He simply has not produced anything more than his bar and unsubstantiated claim that counsel prevented him from testifying. See id. Without more, a hearing on that claim is not required. Id.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment.