USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit
No. 97-1890 UNITED STATES, Appellee, v. GEORGE ASAMOAH, A/K/A KOJO BOAYITEY, A/K/A KWADWO BOAYITEY, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] Before Boudin, Circuit Judge, Bownes, Senior Circuit Judge, and Lynch, Circuit Judge. Mark J. Gillis on brief for appellant. Donald K. Stern, United States Attorney, and Kevin P. McGrath,
Assistant U.S. Attorney, on Motion for Summary Disposition for
appellee.
January 6, 1999 Per Curiam. The United States has moved for summary disposition in this direct criminal appeal, contending that the only issue presented is a claim of ineffective assistance of counsel. As such, the government argues, we must dismiss the appeal and direct defendant George P. Asamoah to file a motion under 28 U.S.C. 2255. A careful reading of the brief prepared by defendant's appellate attorney, however, reveals that counsel is not making such a claim. Further, the government ignores the pro se supplemental brief filed by defendant. In this brief, defendant raises four other claims that are appropriate for direct appeal. We therefore address these claims now. 1. Colloquy Regarding Right to Testify In Siciliano v. Vose, 834 F.2d 29 (1st Cir. 1987), we held that the Constitution does not require a trial judge, sua sponte, to personally address a criminal defendant, to explain to that defendant that he or she has the right to testify, and to ascertain that the defendant chooses to waive that right. Id. at 30. Other courts of appeals agree. See United Statesv. Ortiz, 82 F.3d 1066, 1071 (D.C. Cir. 1996); United States v. Pennycooke, 65 F.3d 9, 11 (3rd Cir. 1995); Ortega v. O'Leary, 843 F.2d 258, 261 (7th Cir. 1988). Thus, we held, "a criminal defendant must claim his privilege or right to testify by attempting to take the stand or it is waived." Siciliano, 834 F.2d at 30 (internal quotation marks and citation omitted). -2- Here, defendant was silent all through the trial. Further, nothing in the trial record gives any indication of problems in the attorney-client relationship. Indeed, in this respect, we note that during opening argument, defendant's trial attorney plainly stated, and presumably defendant heard, that defendant "may or may not testify here." See id. (noting that defendant had heard the trial judge state that defendant "may testify"). Rather, defendant waited until sentencing, where he made the following statement: "[M]y lawyer made it known to me that he is the one who has to review the facts of what is happening to the Court, and that I have no right to get on the stand, and there was no point for me to say anything." Under Siciliano, defendant's statement was not enough to obligate Judge Harrington to conduct a colloquy regarding defendant's waiver of the right to testify. That is, defendant did not "attempt to take the stand" at trial, which is when Siciliano requires that a defendant assert the right. SeeSiciliano, supra. Further, defendant waited until the disposition hearing on June 11, 1997 over three months afterthe trial had ended to raise the question. Finally, we add that defendant still can litigate this issue if he, in fact, files a 2255 motion claiming ineffective assistance regarding his trial attorney's alleged advice that he could not testify. 2. Stipulation Regarding the Amount of Heroin Carried by Co-defendant Emelia Dadzie At the beginning of trial, the prosecutor read into the record an agreement entered into by defendant and the government in which they stipulated that the heroin seized from Dadzie weighed 816.3 grams and was from 76% to 82% pure. Judge Harrington did not ask defendant whether he personally had agreed to this stipulation. Defendant now maintains that the lack of a colloquy on this point violated his due process rights. The cases defendant cites in support of this argument, however, are inapposite. Rather, they all concern stipulations or admissions of prior convictions in the context of sentence enhancements. See, e.g., Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir. 1994) (holding that a remand was required where defendant's state trial counsel had stipulated to defendant's prior conviction and there was no evidence in the record that defendant had agreed to the stipulation); Government of the Virgin Islands v. George, 741 F.2d 643, 648 (3rd Cir. 1984) (under the Virgin Islands procedure for sentencing habitual criminals, the trial court, before asking a defendant whether he or she has been previously convicted, "must inquire into, and make a determination of, the defendant's understanding of the consequences of that admission); Cox v. Hutto, 589 F.2d 394 (8th Cir. 1979) (per curiam). Even were we to consider adopting a Cox-type rule, it would not apply here. First, the stipulation regarding the weight of the cocaine carried by Dadzie plainly was not the "functional equivalent of a guilty plea" i.e, it did not leave the trial court with nothing to do but enter judgment and impose sentence. Further, the stipulation directly concerned Dadzie, not defendant. That is, the government still had to prove that defendant was connected to Dadzie and to the cocaine she had imported into this country. Given this, we cannot see that any of defendant's rights were violated by the stipulation in this case. 3. Sentencing Errors a. Amount of Heroin Used for Sentencing -- 816.3 or 700 Grams. Defendant argues that Judge Harrington erred by using, for the initial calculation of defendant's base offense level (BOL), the 816.3 grams of heroin Dadzie had carried in July 1993. Rather, defendant contends, the judge should have used 700 grams the amount Dadzie testified that she had been told she would be carrying. The problem with this argument is that it makes no difference which quantity was used because the BOL was the same for both amounts. First, where a crime involves at least 700 grams, but less than 1 kilogram, of heroin, the resulting BOL is 30. U.S.S.G. 2D1.1(c)(5). Thus, 700 grams and 816.3 grams yield the same result. Further, when the additional 500 grams of heroin is added to either amount -- for a total amount of 1200 and 1316.3 grams respectively, defendant's BOL is 32 for bothamounts. See id. 2D1.1(c)(4) (at least 1 kilogram of heroin, but less than 3 kilograms of heroin). Any error, therefore, would be harmless. See United States v. Young, 78 F.3d 758, 763 n.4 (1st Cir. 1996). b. Distribution to Government Agent. Defendant argues that since both Dadzie and co-defendant Eric Sekyere were government agents at the time of most of the events underlying the conspiracy at hand, the heroin carried by Dadzie on July 24, 1993, should not have been counted at all for sentencing purposes. In support of this argument, defendant cites United States v. Reyes, 979 F.2d 1406 (10th Cir. 1992). Reyes, however, does not have anything to do with whether an individual's status as a government agent affects the amount of drugs which can be attributed to a defendant in calculating his or her sentence. Because defendant cites no other authority for this questionable proposition, his argument must be rejected. c. The Extra 500 Grams of Heroin. Defendant contends that there was insufficient evidence to connect him to Dadzie's February 1993 importation of 500 grams of heroin. "Absent a mistake of law, we review only for clear error the district court's conclusions that drugs were part of the same conduct or scheme or plan." Young, supra, 78 F.3d at 763. Under U.S.S.G. 1B1.3, "relevant conduct" includes all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction . . . ." In order for two offenses to be considered part of a common plan or scheme, "they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. 1B1.3, comment. (n.9(A)). Here, Judge Harrington had the testimony of Dadzie that she had brought heroin into the United States at defendant's behest in February 1993. That Dadzie knew defendant prior to the July 1993 importation also is corroborated by the testimony of Patrick Barkerswoode that he had introduced defendant to Dadzie in 1991. The decision to credit the testimony of Dadzie was within Judge Harrington's "exclusive province." See United States v. Conley, 156 F.3d 78, 85 (1st Cir. 1998). As a result of the foregoing, it is plain that the February and July importations involved two common factors: a common accomplice and a common modus operandi. Further, as for defendant's argument that the February importation was not reasonably foreseeable by him, suffice it to say that "[a] defendant simply cannot be heard to complain that he could not reasonably foresee acts that he himself engineered." Id. There was no clear error, then, in crediting defendant with the extra 500 grams of heroin. The judgment of the district court is affirmed. SeeLocal Rule 27.1. Any ineffective assistance claims must be raised in a 2255 motion. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) ("the trial judge, by reason of familiarity with the case, is usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation").