UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

FREDDIE ALLEN BRADFORD,
  *Defendant-Appellant.*

No. 99-4719

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-155)

Submitted: February 23, 2001

Decided: April 9, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James T. McBratney, Jr., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Freddie Allen Bradford appeals his conviction and sentence after a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Bradford's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious grounds for appeal. Bradford was informed of his right to file a pro se supplemental brief, but he failed to do so.

Following a de novo review of the record, we find that the district court complied with all the mandates of Fed. R. Crim. P. 11 in accepting Bradford's guilty plea. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard). We also find no plain error in the calculation of Bradford's sentence.* In particular, Bradford was correctly sentenced as a career offender. He was over eighteen years old when he committed the instant felony offense, which involved a controlled substance, and he had two prior felony convictions. *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998).

In accordance with the requirements of *Anders*, we have reviewed the record for potential error and have found none. Therefore, we affirm Bradford's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately pre-

---

*We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and find that, even if the statutory maximum set forth in 21 U.S.C.A. § 841(b)(1)(C) (West 1999) applies, Bradford's sentence does not exceed that maximum. Accordingly, his sentence does not implicate *Apprendi*. *See United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001) (collecting cases).

sented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*