Walter LEDBETTER, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV. 1:01CV197.
No. CRIM. 1:99CR67–14.

United States District Court,
W.D. North Carolina,
Asheville Division.

Dec. 13, 2001.

Walter Ledbetter, Beaver, WV, pro se.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, a supplement thereto and his motion for leave to proceed *in forma pauperis.* No response is necessary from the Government.

■ A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

Petitioner and 14 Co-defendants were charged in a two-count bill of indictment with conspiracy to possess with intent to distribute methamphetamine and marijuana. Bill of Indictment, filed August 4, 1999. Petitioner was arrested on August 5, 1999, and during his first appearance indicated that he would retain counsel. Election or Waiver of Counsel, filed August 6, 1999. Three days later, he advised the Court he was unable to afford counsel and William E. Loose was appointed to represent him. Election or Waiver of Counsel, filed August 9, 1999; Appointment of Counsel, CJA–20 Form, filed August 17, 1999. On August 25, 1999, Mr. Loose moved for leave to withdraw, advising the Court that John Olesiuk and David Thornton had been retained by the Petitioner. Motion to Withdraw, filed August 25, 1999. That motion was allowed by Order filed August 31, 1999.

On September 10, 1999, Petitioner entered into a plea agreement pursuant to which he agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two. Plea Agreement, filed September 10, 1999. In that agreement, Petitioner was advised that he faced a maximum sentence of life imprisonment. *Id.,* at 1. He also waived the right to contest his conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.,* at 5. On September 21, 1999, Petitioner attended a Rule 11 hearing and was advised, among other things, of the maximum possible sentences and his waivers. Rule 11 Inquiry and Acceptance of Plea, filed September 21, 1999. As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his

attorney signed the Rule 11 Inquiry which was then filed of record. *Id.* In that Inquiry, Petitioner acknowledged that his written plea agreement, which he also had signed, contained a provision waiving his right to appeal his conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance of counsel or prosecutorial misconduct. *Id.* Petitioner also acknowledged that his guilty plea was knowing and voluntary, he was satisfied with the services of his attorney, he understood the sentencing guidelines, he had been afforded sufficient time to discuss his case with his attorney, and he understood and agreed with the terms of his plea agreement. *Id.*

The Court received a letter on June 20, 2000, from the Petitioner advising that his family had been unable to pay the remainder of the retainer owed to his attorneys. Letter, filed June 20, 2000. He complained that counsel was not adequately representing his interests. *Id.* On July 19, 2000, Charles McKeller advised the Court that the Petitioner had retained him for representation during sentencing. Notice of Appearance, filed July 19, 2000. As a result, Petitioner's former attorneys were relieved. Order, filed August 1, 2000.

On August 23, 2000, the undersigned sentenced the Petitioner to 135 months imprisonment. Judgment of Conviction, filed October 5, 2000. Petitioner did not file a direct appeal. He now attacks his conviction and sentence claiming (1) his guilty plea was not knowing and voluntary; (2) the Government breached the plea agreement by failing to move for a downward departure; (3) Petitioner did not receive due process because his attorney did not provide complete representation due to the nonpayment of his fees; (4) he received ineffective assistance of counsel from each of his attorneys; and (5) his conviction is in violation of *Apprendi v.*

*New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ Petitioner claims his attorney, David Thornton, coerced him to enter into the plea agreement by advising that if he cooperated with the Government, he would face a 10 year prison sentence which would be reduced to five years by virtue of a motion for a downward departure. His release on bond pending sentencing, he argues, was done so that he could provide such assistance. However, despite his performance, Petitioner claims the Government breached that agreement by refusing to make such a motion.

[T]he record reflects that the [Magistrate Judge] conducted a thorough and comprehensive Rule 11 hearing prior to accepting [Petitioner's] guilty plea. In that proceeding, ... [Petitioner] stated, among other things, that no one had coerced him into pleading guilty and that he was in fact guilty of the [conspiracy] offense. [Petitioner] was advised of the essential terms of the plea agreement, and he asserted under oath that he understood them. The court reviewed the maximum permissible sentence on the [conspiracy] conviction, and [Petitioner] acknowledged that he understood. The court also advised [Petitioner] of the constitutional rights being waived by his guilty plea, and he again indicated his understanding. In these circumstances, [Petitioner's] conclusory post-[conviction] assertions that his plea was not knowing and voluntary ... fail to overcome the barrier of the sworn statements made at his Rule 11 hearing.

*United States v. Ubakanma,* 215 F.3d 421, 424 (4th Cir.2000). A defendant's statements at a Rule 11 hearing are "strong evidence" of voluntariness and knowledge. *United States v. DeFusco,* 949 F.2d 114, 119 (4th Cir.1991).

[R]epresentations of the defendant . . . at [a Rule 11 hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■ Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court during the Rule 11 hearing, and his representations during that hearing, the Court finds Petitioner knowingly and voluntarily entered into the plea agreement and plead guilty to Count One of the indictment. *DeFusco, supra.* Thus, the Court also finds the Petitioner made a knowing and voluntary waiver of the right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion. *See, United States v. Shea,* 175 F.3d 1018 (table), 1999 WL 172810 (4th Cir. 1999); *United States v. Pelzer,* 166 F.3d 336 (table), 1998 WL 879019 (4th Cir.1998) (citing *United States v. Wessells,* 936 F.2d 165, 167–68 (4th Cir.1991)); *United States v. Hoyle,* 33 F.3d 415, 418 (4th Cir.1994).

Petitioner also argues that the Government engaged in prosecutorial misconduct by failing to move pursuant to U.S.S.G. § 5K1.1 for a downward departure. The plea agreement clearly provided as follows:

19. When and if the defendant assists the government . . . :

    a. The United States, in its sole discretion, will determine whether said assistance has been substantial.

   .    .    .    .    .

    d. Any determination that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.

Plea Agreement, at 9. Thus, under these circumstances, this Court has no authority to review the Government's refusal to make such a motion. *United States v. Butler,* 272 F.3d 683 (4th Cir.2001). Nor does the Government's refusal to make such a motion, on these facts, constitute prosecutorial misconduct. *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

■ Petitioner was sentenced to 135 months imprisonment after entering a guilty plea to conspiracy to possess with intent to distribute methamphetamine. The bill of indictment failed to allege the quantity of methamphetamine involved in the conspiracy. As a result, Petitioner claims his sentence is illegal under the reasoning of the recent Supreme Court decision in *Apprendi.* The Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Petitioner is mistaken in his belief that *Apprendi* applies to his case because his sentence is not beyond the prescribed statutory maximum sentence of 20 years. 21 U.S.C. § 841(b)(1)(C); *see, also, United States v. Bradford,* 7 Fed.Appx. 222, 223 n. 1 (4th Cir.2001) (citing *United States v. White,* 238 F.3d 537, 542 (4th Cir.2001)).

■ Petitioner also argues, based on *Apprendi,* that 21 U.S.C. § 841 is unconstitutional, the indictment was defective, and a grand jury failed to pass on each

element of the offense. The essential elements of conspiracy to possess with intent to distribute a controlled substance are: (1) the conspiracy described in the indictment, that is, an agreement with others to violate the federal Controlled Substances Act, was willfully formed and existing at the time alleged in the bill of indictment; (2) the defendant knew of the conspiracy and willfully became a member thereof; and (3) the object of that conspiracy was to violate the federal Controlled Substances Act by possession with intent to distribute a controlled substance. *United States v. Cropp,* 127 F.3d 354, 361 (4th Cir.1997); *United States v. Eustach,* 21 Fed.Appx. 150, 2001 WL 1284776 *1 (4th Cir.2001).

The first portion of 21 U.S.C.A. § 841, subsection (a), prohibits, *inter alia,* possession of controlled substances with the intent to distribute them. Subsection (b)(1) sets forth various penalties that vary according to, *inter alia,* the quantity of the particular controlled substance at issue. Although no legislative history speaks to the question, we have previously held, ... that Congress intended these specific threshold quantities to be sentencing factors rather than elements of aggravated drug trafficking offenses. These factors determine the maximum penalty that may be imposed on a particular defendant; for example, an individual who possesses with the intent to distribute an identifiable but unspecified quantity of a ... drug is subject to a term of imprisonment of no more than 20 years. A sentence exceeding 20 years may be imposed only upon an additional finding that the offense involved a specific threshold quantity of a ... controlled substance—for example, 1 kilogram or more of heroin. *Thus, if a specific threshold quantity of drugs is not found by the jury beyond a reasonable doubt, a judicial finding of that fact increases the allowable penalty beyond that authorized by the facts found by the*

*jury alone.* Accordingly, *Apprendi* dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense; *i.e.,* charged in the indictment and proved to the jury beyond a reasonable doubt.

*United States v. Promise,* 255 F.3d 150, 156–57 (4th Cir.2001) (emphasis added) (internal citations omitted). Here, the "[Petitioner] was properly charged with conspiring to violate 21 U.S.C.A. § 841. And, there can be no dispute that [he] was properly [advised at his Rule 11 hearing of] the elements of the charged offense. Accordingly, ... [Petitioner] was properly charged with, and convicted of, conspiring to possess with the intent to distribute ... [methamphetamine]." *Id.,* at 160. In other words, even after *Apprendi,* a defendant may be properly charged with and convicted of conspiring to possess with intent to distribute an unspecified quantity of a controlled substance. "[T]he failure to establish [the quantity] beyond a reasonable doubt limits the choice of maximum sentence under sec. 841, it does not jeopardize the conviction." *United States v. Duvall,* 272 F.3d 825, 829–30 (7th Cir. 2001); *accord, United States v. Stokes,* 261 F.3d 496, 498–99 (4th Cir.2001); *United States v. Barbosa,* 271 F.3d 438, 456–57 (3rd Cir.2001) (Drug quantity is only an element of a § 841 offense when a defendant is to be sentenced above the statutory default maximum.); *United States v. Fields,* 242 F.3d 393 (D.C.Cir.2001) (Finding no error where although the bill of indictment alleged specific quantities, the verdict sheet did not.); *United States v. Kennedy,* 21 Fed.Appx. 82, 2001 WL 1411611 *4 (2nd Cir.2001) ("Numerous circuits have applied *Apprendi* to federal narcotics trafficking offenses and have held

that drug quantity must be charged in the indictment and proven to a jury beyond a reasonable doubt [only] if the defendant is to be sentenced under the higher sentencing penalty provisions set forth in 21 U.S.C. §§ 841(b)(1)(A) & (B) ... as compared to § 841(b)(1)(C)."); *United States v. Sanchez,* 269 F.3d 1250 (11th Cir.2001). Since Petitioner was not sentenced in excess of the statutory maximum of 20 years, his conviction and sentence are proper.

Moreover, § 841 is constitutional. The Petitioner

> contends that § 841 is facially unconstitutional in light of *Apprendi* because § 841 requires that drug quantity findings be made by a sentencing judge rather than a jury. [Petitioner] is mistaken concerning what § 841 requires. Section 841 simply defines a crime and assigns penalty ranges depending upon particular characteristics of the crime. Nothing in the statute purports to prescribe a *process* by which the elements of the crime and other relevant facts must be determined. Accordingly, nothing in § 841 conflicts with the *Apprendi* rule, which governs that *process* only. [The Fourth Circuit has] therefore reject[ed] [Petitioner's] argument and join[ed] the Fifth, Sixth, Seventh and Tenth Circuits in holding that § 841 is not facially unconstitutional.

*United States v. McAllister,* 272 F.3d 228, 231–32 (4th Cir.2001) (internal citations omitted).

██ Next, Petitioner claims his attorney, David Thornton, was ineffective by promising him a sentence of five years, failing to obtain a written record of the entire agreement, and holding him responsible for payment of attorney's fees.

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.,* at 688, 104 S.Ct. 2052; *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Fields v. Attorney Gen. of Maryland,* 956 F.2d 1290 (4th Cir.1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty). If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra.*

The language of the plea agreement disproves the Petitioner's accusations against his attorney. As noted above, the agreement clearly noted that the Government had the sole discretion to make a § 5K1.1 motion. The last paragraph of the plea agreement provided that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those that are explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all the parties." Plea Agreement, at 10.

Petitioner also claims that Thornton failed to provide him with full representation because Petitioner's girlfriend never paid the full amount of the retainer. The record, however, does not disclose any such behavior. Indeed, accepting the Petitioner's statement that Thornton was never fully paid, he at no time requested permission to discontinue representation of the Petitioner on that basis. Petitioner faced a sentence of 240 months imprisonment; Thornton negotiated a significant reduction from that sentence. Thus, counsel's performance was not deficient and the second prong of the *Strickland* test need not be reached. This ground of the motion is summarily dismissed.

The same reasoning applies to Petitioner's conclusory allegation that his new attorney, Charles McKeller failed to adequately prepare for his sentencing hearing. McKeller obtained additional time to respond to the presentence report and competently represented Petitioner during the sentencing hearing.

In his motion, Petitioner also claims that McKeller "failed to file Notice of Appeal and an appeal from the case *as was requested by petitioner.*" Petition, at 14 (emphasis added). There is no doubt that Petitioner knew he could not appeal on any grounds other than prosecutorial misconduct and ineffective assistance of counsel; during the Rule 11 hearing, the Court ascertained that he understood and agreed with this provision of his plea agreement. Indeed, he was required to sign the Rule 11 Inquiry which was then filed of record. Petitioner has submitted nothing more in support of this allegation. The issue, then, is whether a blanket allegation, unsubstantiated by any statement of fact or affidavit, is sufficient to warrant further inquiry by the sentencing court.

The statute specifically provides that "[u]nless the motion and the files and records of the case *conclusively show that the prisoner is entitled to no relief,* the court shall cause notice thereof to be served upon the United States attorney ...." 28 U.S.C. § 2255. Yet, the Petitioner in this civil action bears the burden of proving by a preponderance of the evidence that he is, in fact, entitled to relief. *Strickland, supra; United States v. King,* 36 F.Supp.2d 705, 707 (E.D.Va.1999) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)).

[A] barebones assertion by a defendant, *albeit* made under oath, is insufficient to require a hearing or other action on his claim that his right [to appeal] was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary—and also [ ] some substantiation is necessary ... to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

*Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir.1991); *accord, Solis v. United States,* 252 F.3d 289, 294 (3rd Cir.2001) (A defendant is not entitled to a hearing on his allegation that counsel failed to file an appeal if it is patently frivolous.); *United States v. Castillo,* 14 F.3d 802, 805 (2nd Cir.1994) ("[I]n a[ ] collateral attack on the conviction the defendant must produce something more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) [failed to follow his instruction to file an appeal]." (citations omitted)); *United States v. Laetividal–Gonzalez,* 939 F.2d 1455 (11th Cir. 1991) (Unsupported generalizations are insufficient to warrant a hearing on a § 2255 motion.); *Gregory v. United States,* 109 F.Supp.2d 441 (E.D.Va.2000), *certificate of appealability denied,* 5 Fed.Appx. 160 (4th Cir.2001).

■ The undersigned is aware of the Supreme Court's recent ruling in *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Petitioner alleges he "requested" that an appeal be filed. Clearly, "a lawyer who disregards *specific instructions* from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.,* at 477, 120 S.Ct. 1029 (emphasis added). However, the blanket assertion that Petitioner "requested" an appeal is not sufficient to rise to that level. This situation, to the extent it should be reviewed at all, falls within the category discussed by the Supreme Court in *Roe:* "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" *Id.* When a client does not specifically instruct his attorney to appeal, the question of whether counsel was ineffective depends on whether counsel consulted with his client about the appeal. *Id.,* at 478, 120 S.Ct. 1029.

> Under what circumstances does counsel have an obligation to consult with the defendant about an appeal? [T]he better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal.... We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient.... [For] example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In come cases, counsel might then reasonably decide that he need not repeat that information.... [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want

to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and *whether the plea expressly reserved or waived some or all appeal rights.*

*Id.,* at 478–80, 120 S.Ct. 1029 (emphasis added) (internal citations omitted). In this case, Petitioner was instructed by the undersigned at sentencing that he had waived his right to appeal on all grounds except as to prosecutorial misconduct and ineffective assistance of counsel. As to those grounds, Petitioner was advised by the undersigned that any such appeal must be filed within ten days. The Court cannot find that counsel failed to do that which he was constitutionally and ethically required to do. Defense counsel's failure to appeal, on the facts of this case, was reasonable. *Sarroca v. United States,* 250 F.3d 785, 787 (2nd Cir.2001) (Assuming *arguendo* deficient performance, " 'to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed.'* The 'would have appealed' standard considers all of the circum-

stances, including whether there were non-frivolous issues to appeal." (quoting *Roe*, 528 U.S. at 484–85, 120 S.Ct. 1029)).

The Court is compelled to note the constraints placed on defense counsel. Negotiating for a plea agreement which does not contain appeal waivers would be an exercise in futility in this District. Pursuing an appeal on the grounds of ineffective assistance would be equally futile unless incompetence is clearly shown on the record.[1] Appeals on other grounds are routinely dismissed by the Circuit due to the appeal waivers. To require district courts to launch into an investigative process based solely on the bare assertion that a defendant "requested" his attorney to appeal would be a tremendous waste of judicial resources. *See, e.g., Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir.1987) (Allegations must be "highly specific and usually accompanied by some independent corroboration" before a hearing is required.).

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to proceed *in forma pauperis*, is **DENIED**.

---

**1.** Moreover, the filing of such a notice of appeal inevitably results in a motion for leave to withdraw from representation for obvious reasons.