**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2095

JOSEPH POPE,

Petitioner, Appellant,

v.

JOHN MARSHALL,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Joseph Pope on brief pro se.
Thomas F. Reilly, Attorney General, and Annette C. Benedetto,
Assistant Attorney General, on brief for appellee.

October 9, 2003

**Per Curiam**.  Pro se petitioner Joseph Pope appeals a district court order that denied his claims for habeas relief.  See 28 U.S.C. § 2254.  The court thereafter issued a certificate of appealability with respect to the petitioner's ineffective assistance of trial and appellate counsel claims.  Having thoroughly reviewed the record and the parties' briefs on appeal, we agree that petitioner is not entitled to habeas relief, substantially for the reasons stated by the district court.  The record shows that defense counsel's advice that petitioner should not testify was a reasonable strategic choice, and petitioner has failed to overcome the presumption of correctness that attaches to the finding that he validly waived his right to testify.[1] Petitioner has failed to show that the Supreme Judicial Court's decision rejecting his claim that his trial counsel rendered ineffective assistance by failing to object to the trial court's instructions concerning the petitioner's right to remain silent was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.  The petitioner's remaining claims fail, either because they are meritless or because they are procedurally defaulted and petitioner has failed to make the showing required to excuse his default.

---

[1]  Petitioner implies that his waiver cannot be valid absent a colloquy with the trial judge.  That is plainly incorrect.  See Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987).

-2-

In view of the foregoing, we need not reach the statute of limitations issue.  The judgment of the district court is <u>affirmed</u>.  <u>See</u> Loc. Rule 27(c).