

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-1995

# United States v Pennycooke

Precedential or Non-Precedential:

Docket 94-3605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"United States v Pennycooke" (1995). *1995 Decisions*. Paper 239.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-3605


UNITED STATES OF AMERICA

v.

COURTNEY DAVE PENNYCOOKE

Courtney Pennycooke,

Appellant


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 94-00033)


Submitted under Third Circuit LAR 34.1(A)
August 21, 1995

BEFORE:  GREENBERG, COWEN, and SAROKIN, Circuit Judges

(Filed:  August 30, 1995)

Bonnie R. Schlueter
Assistant U.S. Attorney
Frederick W. Thieman
United States Attorney
633 United States Post Office
        & Courthouse
Pittsburgh, PA  15219

Attorneys for Appellee


Carl H. Lida
Law Office of Carl H. Lida, P.A.
8181 West Broward Boulevard
Suite 300
Plantation, FL  33324

OPINION OF THE COURT

GREENBERG, Circuit Judge.

## I.   BACKGROUND

Courtney Dave Pennycooke appeals from the judgment of conviction and sentence in this criminal case entered on October 20, 1994, following his conviction and sentencing on both counts of a two-count indictment.  Count 1 charged him with conspiracy to distribute in excess of 50 grams of cocaine base, or crack, and in excess of 500 grams of cocaine, and Count 2 charged him with distributing and possessing with intent to distribute in excess of 50 grams of crack.  The court sentenced Pennycooke to concurrent 13-year terms of imprisonment to be followed by concurrent five-year terms of supervised release.

Pennycooke advances two grounds for reversal.  First, he argues that the district court erred in failing to advise him of his right to testify at trial and in failing to elicit an on-the-record waiver of that right from him.  Second, he contends that the district court's jury instructions were defective as they did not include a definition of multiple conspiracies.  We conclude that his argument for reversal on the second basis is clearly without merit and thus we confine our discussion to his first point over which we will exercise plenary review.  United States v. Bertoli, 40 F.3d 1384, 1397 (3d Cir. 1994).  The

2

district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.  DISCUSSION

Pennycooke argues that because the court did not engage him directly in an on-the-record colloquy regarding his right to testify or not to testify his constitutional rights were violated.  He emphasizes that he "is uneducated in the ways of the law," and it thus would be "unfair to assume that [he] would have any idea that his counsel had waived his most precious right to testify without so much as a consultation on the record with him or an announcement on-the-record to the court and the jury." Br. at 10.  Pennycooke also insists that any recourse he might have in pursuing an ineffective assistance of counsel claim for the alleged usurpation of his right to testify would be inadequate.  The prosecution, though disputing Pennycooke's legal argument, does not contend that the court directly advised him that he had a constitutional right to testify.

It is well established that the right of a defendant to testify on his or her behalf at his or her own criminal trial is rooted in the Constitution. Rock v. Arkansas, 483 U.S. 44, 49-53, 107 S.Ct. 2704, 2708-10 (1987).  This right is personal and thus only the defendant may waive it.  See Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal"); United States v. Joelson, 7 F.3d 174, 177 (9th Cir.), cert. denied, 114

3

S.Ct. 620 (1993); United States v. Teague, 953 F.2d 1525, 1531-33 (11th Cir.), cert. denied, 113 S.Ct. 127 (1992); Ortega v. O'Leary, 843 F.2d 258, 261 (7th Cir.), cert. denied, 488 U.S. 841, 109 S.Ct. 110 (1988).  As a constitutional right "'essential to due process of law in a fair adversary process,'" Rock v. Arkansas, 483 U.S. at 51, 107 S.Ct. at 2709 (quoting Faretta v. California, 422 U.S. 806, 819 n.15, 95 S.Ct. 2525, 2533 n.15 (1975)), a defendant's waiver of the right to testify must be knowing and intelligent.  See Schneckloth v. Bustamonte, 412 U.S. 218, 241, 93 S.Ct. 2041, 2055 (1973).

Nevertheless, other courts of appeals consistently have held that a trial court has no duty to explain to the defendant that he or she has a right to testify or to verify that the defendant who is not testifying has waived that right voluntarily.  See, e.g., United States v. Teague, 953 F.2d at 1533 n.8; United States v. Edwards, 897 F.2d 445, 447 (9th Cir.), cert. denied, 498 U.S. 1000, 111 S.Ct. 560 (1990); United States v. Martinez, 883 F.2d 750, 756-60 (9th Cir. 1989), vacated on other grounds, 928 F.2d 1470 (9th Cir. 1991); Ortega v. O'Leary, 843 F.2d at 261; Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987); United States v. Bernloehr, 833 F.2d 749, 752 (8th Cir. 1987); United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983), cert. denied, 465 U.S. 1036, 104 S.Ct. 1310 (1984).  We now join those courts.

The right to testify qualitatively differs from those constitutional rights which can be waived only after the court inquires into the validity of the waiver.  In anchoring the

4

accused's right to testify to the Constitution, the Supreme Court in Rock v. Arkansas described it as "a necessary corollary to the Fifth Amendment's guarantee against compelled testimony," 483 U.S. at 52, 107 S.Ct. at 2709. Exercise of either the right to testify or the right not to testify necessarily would waive the other right. Thus, a trial court's advice as to the right to testify "could inappropriately influence the defendant to waive his [or her] constitutional right not to testify, thus threatening the exercise of this other, converse, constitutionally explicit, and more fragile right." Siciliano, 834 F.2d at 30; Martinez, 883 F.2d at 757, 760; United States v. Campione, 942 F.2d 429, 439 (7th Cir. 1991).

The fact that a criminal defendant, depending on the facts and circumstances of the case, reasonably could choose either to testify or not to testify, necessarily means the determination of whether the defendant will testify is an important part of trial strategy best left to the defendant and counsel without the intrusion of the trial court, as that intrusion may have the unintended effect of swaying the defendant one way or the other. See, e.g., Martinez, 883 F.2d at 757, 760; Teague, 953 F.2d at 1533 n.8; Campione, 942 F.2d at 439. For example, as a matter of strategy and common sense, the defendant and counsel may wait until well into the trial before deciding whether the defendant will testify. Thus, the trial court may not know that the defendant will not testify until the defense rests. A colloquy on the right to testify at that point not only would be awkward, see Martinez, 883 F.2d at 760 (citing

5

Commonwealth v. Hennessey, 502 N.E.2d 943, 947 (Mass. App. Ct.), review denied, 504 N.E.2d 1066 (Mass. 1987)), but more importantly inadvertently might cause the defendant to think that the court believes the defense has been insufficient. This belief in turn might prompt the defendant to abandon an appropriate defense strategy without good reason. See State v. Albright, 291 N.W.2d 487, 493 (Wis. 1980), cert. denied, 449 U.S. 957, 101 S.Ct. 367 (1980) ("Such admonition is subject to abuse in interpretation and may provoke substantial judicial participation that could frustrate a thoughtfully considered decision by the defendant and counsel who are designing trial strategy."). Thus, as a general matter, we believe that it is inadvisable for a court to question a defendant directly about his or her waiver of the right to testify.

Pennycooke nevertheless urges us not to infer from an unclear record that he waived his right to testify. He relies on the dissenting opinions in Martinez and Teague for the position that such personal, fundamental rights cannot be presumed from silence to have been waived. In both cases, the dissenting opinions relied on an analogy to the right to counsel, which the Supreme Court requires to be waived on the record. Teague, 953 F.2d at 1542 (citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884 (1962)); Martinez, 883 F.2d at 767 (same). We, however, like the majority opinion in Martinez, find the analogy unpersuasive when a defendant appears in court with an attorney. Martinez, 883 F.2d at 757. See also United States ex rel. Soto v. United

6

<u>States</u>, 504 F.2d 1339, 1344 n.16 (3d Cir. 1974) (court need not advise defendant sua sponte of right to proceed pro se).[1]  After all, the colloquy required to waive the right to counsel is important precisely because the defendant is waiving the right when unrepresented.  In the right to testify cases, however, the defendant is represented by counsel throughout the trial, and the court is entitled to -- indeed should -- presume that the attorney and the client have discussed that right.[2]

Further, because of the importance of the right to counsel, courts presume that a rational defendant will choose to be represented by counsel.  See <u>Gideon v. Wainwright</u>, 372 U.S. 335, 344, 83 S.Ct. 792, 796 (1963) ("[T]here are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses.").  That presumption -- that defendants with competent counsel are better off than those without -- lies, in fact, at the heart of the right to counsel in the first place.  <u>Id.</u> ("[P]recedents [and] reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.").  That makes it especially important for the court to ensure that a waiver of the

[1] <u>Faretta v. California</u>, 422 U.S. 806, 95 S.Ct. 2525, overruled the <u>Soto</u> holding that a defendant does not have a constitutional right to proceed pro se but it did not disturb <u>Soto</u> to the extent that the <u>Soto</u> court indicated that even if the defendant did have that right the district court was not obliged to advise him or her of it.

[2] We are not addressing the situation in which a defendant is pro se as Pennycooke was represented by counsel.

7

right is made knowingly and competently. Such a policy, of course, does not apply with respect to the right to testify, however, as we cannot say that a rational defendant will, other things being equal, choose to testify. Indeed, a defendant when testifying necessarily waives the right not to testify, but the trial court is not required to elicit an on-the-record, knowing and intelligent waiver of that right. Martinez, 883 F.2d at 756-57. We therefore hold that usually a court need not advise a defendant either directly or through a colloquy with counsel of his or her right to testify.

Nevertheless in exceptional, narrowly defined circumstances, judicial interjection through a direct colloquy with the defendant may be required to ensure that the defendant's right to testify is protected. For example, in Ortega v. O'Leary, 843 F.2d 258, the defendant repeatedly interrupted the trial to express his desire to testify. The trial court questioned his attorney about the defendant's statements and the attorney indicated that he and the defendant made a joint decision that the defendant would not testify. Despite the defendant's interjection that his attorney was lying, the trial court did not inquire further and denied the defendant's continuing requests to testify. The Court of Appeals for the Seventh Circuit, on a habeas corpus appeal, found error in this procedure.[3] The court emphasized that the right to testify is

---

[3]The Ortega court nevertheless denied petitioner's writ of habeas corpus, finding that the error was harmless beyond a reasonable doubt. Ortega, 843 F.2d at 262-63.

personal to the defendant and thus neither may be waived by counsel nor denied by the trial court. <u>Ortega</u>, 843 F.2d at 261. Although the court recognized that while trial courts "have no affirmative duty to determine whether a defendant's silence is the result of a knowing and voluntary decision not to testify," they "must take steps to insure that important constitutional rights have been voluntarily and intelligently waived." <u>Id</u>. Thus, the court cautioned trial courts to "carefully consider a defendant's request to exercise his or her constitutional rights, particularly the right to testify." <u>Id</u>. Where, in furtherance of trial strategy, defense counsel nullifies a defendant's right to testify over the defendant's protest, the defendant clearly has been denied the right to testify. In such a case, it may be advisable that the trial court inquire discreetly into the disagreement and ensure that constitutional rights are not suppressed wrongly.

But that situation is the exception, not the rule. Where the trial court has no reason to believe that the defendant's own attorney is frustrating his or her desire to testify, a trial court has no affirmative duty to advise the defendant of the right to testify or to obtain an on-the-record waiver of such right. The duty of providing such advice and of ensuring that any waiver is knowing and intelligent rests with defense counsel. Here, we have no reason to depart from the usual rule and we therefore hold that the district court did not err in not advising Pennycooke of his right to testify and in not

obtaining from Pennycooke an on-the-record waiver.  See United
States v. Bernloehr, 833 F.2d at 752.

In reaching our result, we realize that a convicted
defendant may assert a claim that the trial attorney gave
ineffective assistance under Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052 (1984), by failing to advise the defendant of
his or her right to testify.  Pennycooke, however, points to
nothing in the record to support a conclusion that his attorney
did not advise him of his right to testify.  Instead he merely
requests that if we reject his contention that the court should
have advised him of his right to testify that we "remand this
matter to the district court for an evidentiary hearing as to
whether or not [his] right to testify was impermissibly waived by
counsel."  Brief at 14.  We, however, will not remand the matter
as Pennycooke requests, for if he wishes to charge his counsel
with being ineffective, he must raise the issue in a proceeding
under 28 U.S.C. § 2255.  See United States v. Sandini, 888 F.2d
300, 311-12 (3d Cir. 1989), cert. denied, 494 U.S. 1089, 110
S.Ct. 1831 (1990).

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment
of conviction and sentence entered on October 20, 1994.

10