**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THIEN H. NGUYEN,

      Petitioner-Appellant,

v.

LOU ARCHULETA, Warden; JOHN
W. SUTHERS, Attorney General of
the State of Colorado,

      Respondents-Appellees.

No. 08-1337
(D.C. No. 1:07-cv-00702-WYD)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

      Thien N. Nguyen, proceeding pro se, appeals from the district court's

denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. In

our order of August 19, 2009, we granted a certificate of appealability (COA) on

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

five claims the district court found to be procedurally barred: (1) whether Mr. Nguyen's decision to waive his Fifth Amendment right not to be a witness against himself was voluntary, knowing, and intelligent; (2) whether the trial court's admission of his incriminating statements and confession, without ruling on whether they were voluntary, violated due process; (3) whether he was denied due process because the interpreter allegedly failed to provide an exact translation of witness testimony; (4) whether he was denied effective and meaningful appellate review because portions of his trial proceedings were not recorded; and (5) whether he was denied effective assistance of counsel by counsel's failure to obtain transcripts from a prior trial of a co-defendant. The grant of a COA was limited to (1) whether these five claims were procedurally barred for failure to present them in state court during post-conviction proceedings under Colo. R. Crim. P. 35(c)(2)(I); and (2) whether the claims are procedurally barred for failure to present them in state court on direct criminal appeal.

## BACKGROUND

Mr. Nguyen was convicted in Colorado state court in 1992 of first-degree assault, menacing, reckless endangerment, and twenty-seven counts of aggravated robbery. He was sentenced to 270 years in prison, consisting of ten-year consecutive terms of imprisonment for each aggravated robbery count and concurrent terms of imprisonment for the other offenses. The Colorado Court of

Appeals affirmed his conviction on direct appeal, and the Colorado Supreme Court denied certiorari.

In December 1997, Mr. Nguyen filed, through counsel, in the state trial court a motion for post-conviction relief under Colo. R. Crim. P. 35(c)(2)(I), asserting ineffective assistance of trial counsel and denial of due process due to Mr. Nguyen's absence during voir dire of two prospective jurors. During a hearing, post-conviction counsel presented Mr. Nguyen's pro se "Addendum to Rule 35(c)(2)(I) Motion to Vacate Conviction and Sentence," which asserted the five constitutional claims before us.

> MR. JEFFERS: Mr. Nguyen had the assistance of another prisoner at the Limon facility and drafted an addendum that Mr. Nguyen wanted me to add to my brief and I exercised what I believe is both my discretion and obligation to filter out what I thought was a benefit and frankly most of it was not material that I felt could be incorporated.
>
> However, he really does feel important that this become part of the record and I think that the only way that it could be evaluated at a later time whether I did properly exercise my discretion not to include this in my legal pleadings is to have it become a part of the record on that basis.
>
> THE COURT: I believe that is appropriate if he wishes it to be part of the record.
>
> (Exhibit No. 2 was marked).

Tr. of Aug. 6, 1999 at 47. After questioning Mr. Nguyen, counsel offered Exhibit 2 into the record for the purpose that "the judge read [it] and consider it." *Id.* at 49. The court admitted Exhibit 2. *Id.*

-3-

The court did review the pro se filing.

>THE COURT: The record should reflect that during the noon recess the Court reviewed the addendum to Rule 35-C, (2)(1), a motion to vacate conviction of the sentence, which was a document prepared by the defendant without the aid of counsel.
>
>The Court finds that the document primarily deals with issues that were raised on appeal or should have been raised on appeal and not issues that affect the purpose of the hearing today except for some of the allegations made concerning ineffective assistance of counsel. It's been incorporated in the motion filed by Mr. Jeffers.

*Id.* at 104. At the end of the proceedings, when orally ruling, the trial court judge stated that he had considered, among many other things, the pro se addendum. *Id.* at 262. The court denied Rule 35(c) relief.

On appeal, Mr. Nguyen proceeded pro se, raising the claims asserted in his pro se addendum, among others. The Colorado Court of Appeals affirmed the denial of Rule 35(c) relief, holding that the claims in the addendum were not properly before the court because they had not been presented in the trial court during the post-conviction proceedings. The Colorado Supreme Court denied certiorari.

In a second Rule 35(c) motion filed in the trial court in 2003, Mr. Nguyen alleged, among other things, that his post-conviction counsel was ineffective for failing to adequately present his claims in his first Rule 35(c) motion. Also, he reasserted some of the claims he had asserted in the pro se addendum. On appeal,

the Colorado Court of Appeals affirmed the trial court's denial of relief, concluding that these claims were time-barred and successive.

Thereafter, Mr. Nguyen filed his § 2254 habeas petition in federal district court. The court decided that the five claims for which we granted a COA were unexhausted because they were raised for the first time in the Colorado Court of Appeals. The federal district court also decided that although the claims were unexhausted, they were procedurally barred because Mr. Nguyen no longer had an adequate and effective state remedy available to him. The court found that Colo. R. Crim. P. 35(c)(3)(VII) precluded him from bringing a successive state post-conviction motion and that any further Rule 35(c) motions would be time-barred. Finally, the court decided that the unexhausted claims had to be dismissed as procedurally barred because Mr. Nguyen failed to make any effort to show cause and prejudice or a fundamental miscarriage of justice.

## ANALYSIS

As indicated by our order granting COA, this case presents complicated procedural issues. We decline to address them, however, because we can decide this case more easily and succinctly on its merits.[1] *See Romero v. Furlong*,

---

[1]    We may consider alternate grounds for affirming that are not encompassed by our grant of a COA. *Cf. Woodward v. Williams*, 263 F.3d 1135, 1139 n.2 (10th Cir. 2001) (considering State's alternative ground for affirming that was not part of grant of COA because State may defend on any ground supported by record without appealing and State did not need COA to appeal from district court's decision).

215 F.3d 1107, 1111 (10th Cir. 2000) (declining to decide procedural-bar issue where it was easier to decide issue on merits). We conclude, as a matter of law, that all of Mr. Nguyen's claims lack merit.

I.

Mr. Nguyen argues that he did not voluntarily, knowingly, and intelligently waive his Fifth Amendment right to silence when he testified at trial, because the trial court failed to inform him that if he chose to remain silent the jury would be instructed not to use his silence against him. Had he known this, he maintains he would not have testified.

We disagree that the trial court had an obligation to advise Mr. Nguyen of his right to maintain silence. "[D]efense counsel, not the court, has the primary responsibility for advising the defendant of his right to testify and for explaining the tactical implications of doing so or not." *United States v. Ortiz*, 82 F.3d 1066, 1070 (D.C. Cir. 1996); *accord Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997); *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995). Mr. Nguyen does not assert that his counsel failed to fully advised him of his right to remain silent, and we will not presume that counsel failed to do so. *Cf. Pennycooke*, 65 F.3d at 12-13 (deciding trial court should presume defendant and attorney discussed right to testify). Mr. Nguyen therefore has failed to show that his decision to testify was not made knowingly, voluntarily, and intelligently.

II.

Mr. Nguyen argues that his constitutional right to due process was violated when the trial court allowed his incriminating statements to be admitted without determining whether they were voluntary. The record, however, shows that the trial court did rule on the voluntariness of his statements, finding them to be voluntary and therefore admissible at trial. State Ct. R., Vol. 2 at 143, 151-52; Trial Tr., Vol. IV at 126-29. Upon our review of the state court record, we agree that the statements were voluntary.[2]

III.

Mr. Nguyen argues that the interpreter's translations were inaccurate, thereby denying him due process and a fair trial. Specifically, he faults her for failing to give a word-for-word translation of testimony and notes that his trial counsel made several objections to the interpretations and that the trial court admonished the interpreter several times. We conclude that Mr. Nguyen has failed to show that his due process rights were violated. *See Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir. 1998) ("[H]abeas petitioners challenging their

---

[2]    In denying his first Rule 35(c) motion, the Colorado Court of Appeals addressed Mr. Nguyen's argument that his trial counsel was ineffective for failing to present evidence that his statements were involuntary and coerced. The court rejected the argument, deciding that regardless of the alleged attorney shortcoming, Mr. Nguyen did not suffer any prejudice because the evidence against him was overwhelming and he failed to show that the result of the proceedings would have been different.

state convictions under this general 'fairness' mandate of the due process clause bear an onerous burden." (quotation omitted)).

It is true that counsel did object to the interpretations several times and that the trial court admonished the interpreter to provide only a word-for-word translation. But these objections and admonishments occurred only at the beginning of the trial. As the trial progressed, the objections and admonishing ceased. Furthermore, early in the trial, when counsel complained about the interpreter at a conference held outside the presence of the jury, the trial judge stated that he had heard the testimony of the witnesses as interpreted by the interpreter in the trials of Mr. Nguyen's co-defendants, and the testimony given in Mr. Nguyen's trial was consistent with the testimony given in the previous trials. Mr. Nguyen does not dispute this. Additionally, the evidence against him was substantial, and he has failed to describe any prejudice that occurred to him.[3]

## IV.

Mr. Nguyen argues that the lack of a record and the failure to record all of his trial proceedings deprived him of due process and meaningful review of the trial proceedings. All of his assertions concern jury selection.

---

[3]     Mr. Nguyen also asserts that the interpreter was unqualified. His assertion is conclusory. Upon review of the trial transcript, we conclude the trial court appropriately decided the interpreter, who had served as a courtroom interpreter twenty times, was qualified.

He first contends that the trial court had contact with prospective jurors before voir dire that was not recorded. The record reflects that the judge stated at the beginning of voir dire that he had told the prospective jurors previously that the trial could last for two to three weeks. Nothing suggests that the judge had further contact. with these prospective jurors. Mr. Nguyen's allegation of contact without further specificity is insufficient to meet his onerous burden of showing that he was denied due process. *See id.*

Mr. Nguyen also contends that the trial court excused prospective jurors without informing his counsel, without allowing objection prior to excusing the jurors, and without providing reasons on the record for excusing them. The record page Mr. Nguyen cites for support for his argument indicates that the court, on the record, noted that it had excused one prospective juror with non-refundable airline tickets and another prospective juror who was unable to arrange for a babysitter for her children who were out of school due to a snow storm. Mr. Nguyen cites no authority, and we have found none, indicating that it was a violation of due process for the court to excuse these jurors without first informing counsel or allowing counsel to object to their exclusion. Mr. Nguyen therefore fails to meet his onerous burden. *See id.*

Next, Mr. Nguyen faults the trial court for failing to grant his counsel's challenges for cause to two jurors thereby requiring him to use peremptory challenges to excuse them, and for failing to record sidebar conferences during

which his counsel objected to the two jurors.  Regardless of whether the trial court should have excused the jurors for cause, Mr. Nguyen has not shown that he was deprived of a fair trial because he does not argue that he exhausted all of his peremptory challenges and was forced to accept a biased jury.  *See Ross v. Oklahoma*, 487 U.S. 81, 83, 85-86, 88 (1988).  In other words, he  does not assert that his jury was not fair and impartial.  *See United States v. Chanthadara*, 230 F.3d 1237, 1265 (10th Cir. 2000) ("An impartial jury is central to the right to a fair trial[.]").  Nor does he assert any prejudice that he suffered as a result of the failure to record the sidebar conferences.  Thus, he fails to show a due process violation.

V.

Mr. Nguyen argues that he was denied effective assistance of counsel because trial counsel failed to obtain transcripts of the testimony from a co-defendant's trial in order to impeach inconsistent statements and testimony at his trial.  This argument is conclusory.  Mr. Nguyen does not indicate that there actually were inconsistent statements given or that his counsel could have impeached the witnesses who testified at his trial.  Thus, he fails to show that his counsel provided constitutionally ineffective assistance.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring convicted defendant who asserts ineffective assistance of counsel to show deficient performance and prejudice).

CONCLUSION

The judgment of the district court is AFFIRMED.  Mr. Nguyen's motion for leave to appeal in forma pauperis is DENIED as moot as he has paid his filing fee in full.  Also, his motion for a copy of the transcript of his August 6, 1999, post-conviction hearing is DENIED.  His motion to file his reply brief out of time is GRANTED.


                                        Entered for the Court


                                        Wade Brorby
                                        Senior Circuit Judge