RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　　　　　　　　　*Plaintiff-Appellee,*

　　　　*v.*

RAYMOND YONO,

　　　　　　　　　　*Defendant-Appellant.*

No. 09-1548

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-20479-001—Patrick J. Duggan, District Judge.

Submitted: April 23, 2010

Decided and Filed: May 28, 2010

Before: KENNEDY and COLE, Circuit Judges; JORDAN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Thomas W. Jakuc, THOMAS LEGAL CENTERS, Warren, Michigan, for Appellant. Leonid Feller, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

COLE, Circuit Judge. Defendant-Appellant Raymond Yono appeals his conviction and sentence, arguing that his right against self-incrimination was violated when the district court failed to ensure affirmatively that he knowingly and voluntarily chose to testify on his own behalf. We **AFFIRM**.

_____

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

# I. BACKGROUND

Following a jury trial, Yono was convicted of four counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344 and 2; and one count of altering an obligation to the United States and aiding and abetting, in violation of 18 U.S.C. §§ 471 and 2. The district court sentenced him to a prison term of twenty-four months. While Yono professed his innocence at trial, multiple witnesses testified to his involvement in a scheme that involved depositing altered Social Security checks and other forged checks in various banks accounts and accessing the funds.

Yono testified on his own behalf at trial, claiming that he had been the victim of identity theft. His testimony, however, failed to explain much of the evidence against him. And, as he notes on appeal, not only was he a "poor witness," he also "exhibited signs of paranoia, confusion and memory deficits." (Br. for Defendant-Appellant Yono 9.)

# II. ANALYSIS

Yono now contends that his Fifth Amendment right against self-incrimination was violated as a result of his testimony because the district court failed to develop a record indicating that his decision to testify was made knowingly and voluntarily. Yono's claim fails because he had no right to such a district court record.

While the Sixth Circuit has not expressly addressed the issue, other courts have found that a defendant has no right to have the district court develop a record to establish that he has voluntarily waived his right not to testify. *See Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997) ("[T]he trial judge need not stop a defendant called by defense counsel to the stand and explain the right not to testify. . . ."). In fact, courts have recognized that it is inadvisable for a district court to develop such a record because it may infringe on the defendant's right *to* testify. *E.g., United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995) ("The fact that a criminal defendant, depending on the facts and circumstances of the case, reasonably could choose either to testify or not to testify, necessarily means the determination of whether the defendant will testify is an important

part of trial strategy best left to the defendant and counsel without the intrusion of the trial court, as that intrusion may have the unintended effect of swaying the defendant one way or the other.").

We previously addressed a similar situation and came to the same conclusion. This Court has ruled that a district court colloquy is not required to assess the voluntariness of a defendant's waiver of the right to testify, the corollary to the right not to testify. *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000) ("Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record."). Such a colloquy, this Court recognized, might impede on a defendant's right *not* to testify. *Id.* at 552 ("[A] *sua sponte* inquiry from the trial judge regarding the defendant's choice to testify might impede on an appropriate defense strategy, might lead the defendant to believe that defense counsel has been insufficient, or might inappropriately influence the defendant to waive the Fifth Amendment right *not* to testify."). Our precedent therefore confirms the reasoning outlined above that a colloquy into the defendant's waiver of his right not to testify might impede the defendant's right to testify and, therefore, not only is not required, but is inadvisable. *Id.* ("[T]he right not to testify counterpoises the right to testify, and the exercise of one is the waiver of the other. . . ." (internal quotation marks omitted)).

Finally, even if Yono did have a right to such a record, he has not presented sufficient evidence to suggest that his decision to testify was made unknowingly or involuntarily.

## III. CONCLUSION

For these reasons, we **AFFIRM** the judgment of the district court.