# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARLON THOMAS, | § | |
| | § | No. 397, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 2101011732(S) |
| Appellee. | § | 2008012702(S) |

Submitted: December 7, 2022
Decided: February 17, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

Upon Appeal from the Superior Court. **AFFIRMED.**

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, *for Defendant Below, Appellant Marlon Thomas*.

Kathryn J. Garrison, Esquire, Delaware Department of Justice, Wilmington, Delaware, *for Plaintiff Below, Appellee State of Delaware.*

**SEITZ,** Chief Justice:

After a two-day bench trial in 2021, a Superior Court judge convicted Marlon Thomas of second degree rape, third degree unlawful sexual contact, and other charges. The judge sentenced Thomas to fifty-five years in prison, suspended after twenty-five years for decreasing levels of supervision. Thomas did not testify in his defense.

Thomas raises one issue on appeal—whether the Superior Court erred by failing to raise with Thomas his right to testify and failing to ensure that his waiver of the right to testify was voluntary, knowing and intelligent. According to Thomas, the right to testify is a fundamental constitutional right under the U.S. and Delaware Constitutions, and before waiving that right, the Superior Court must have a colloquy with the defendant.

We affirm Thomas's convictions for three reasons: first, Thomas waived his state constitutional claim by failing to support it on appeal; second, there is no federal constitutional requirement that the trial judge have a colloquy with the defendant before waiving his right to testify; and third, given that the fact finder was the judge and not a jury, the trial judge handled the right to testify issue with appropriate sensitivity to avoid prejudicing Thomas's decision whether to testify.

## I.

On August 26, 2020, Georgetown Delaware Police arrested Marlon Thomas after G.T. reported to police that Thomas raped her.  A Sussex County grand jury indicted Thomas for one count each of second degree rape, third degree unlawful sexual contact, tampering with physical evidence, conspiracy in the second degree, two counts each of tampering with a witness, and non-compliance with condition of bond.  During a two-day bench trial, defense counsel noted in his opening statement that Thomas "may testify.  He may not.  I don't know."[1]

After the State rested its case-in-chief, the Superior Court recessed for lunch and to allow defense counsel time to "think about and talk about as to what you want to do from here on in."[2]  When the court reconvened, the defense rested without calling witnesses.  Thomas did not ask to testify, and his counsel did not raise the issue with the court.  There was no colloquy with Thomas about his right to testify or his waiver of the right.  The trial judge found Thomas guilty of all charges.

## II.

The single issue on appeal is whether the Superior Court erred when it did not raise directly with Thomas his right to testify and ensure that his waiver was voluntary, knowing and intelligent.  Thomas argues that the right to testify in one's

---

[1] App. to Opening Br. at A25.
[2] *Id.* at A266.

defense is a constitutional right personal to the defendant. According to Thomas, before waiving that right, the trial judge must have a colloquy with a defendant. Otherwise, he argues, the court violates his constitutional rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Sections Four and Seven of the Delaware Constitution.

The State counters that Thomas waived his claims under the Delaware Constitution because he did not raise them below and has made only conclusory arguments on appeal in support of those claims. And, according to the State, most federal and state courts of appeal have not found a federal constitutional requirement to raise with the defendant the right to testify in his defense or to make sure that a waiver of the right to testify is voluntary, knowing and intelligent.

A.

Our first task on appeal is to decide what standard of review applies to Thomas's constitutional claims. Ordinarily, we review claims for constitutional error *de novo*.[3] But Thomas did not offer any argument on appeal to support his state constitutional claims. Summary arguments unsupported by legal argument, analysis, and authority are waived.[4] Thus, we will not consider Thomas's state constitutional claims.

---

[3] *Cooke v. State*, 977 A.2d 803, 841 (Del. 2009).
[4] *Ortiz v. State*, 869 A.2d 285, 290-91 (Del. 2005), *overruled on other grounds by Rauf v. State*, 145 A.3d 430 (Del. 2016).

Regarding his claims under the U.S. Constitution, if they were not raised below, we would ordinarily review for plain error.[5] A deprivation of fundamental constitutional rights, however, like the right to testify in a criminal case in one's defense, can be considered structural errors that are reviewed *de novo* on appeal.[6]

The parties agree that the Court should apply a *de novo* standard of review.[7] Whether Thomas's argument is reviewed *de novo* as structural error or for plain error, the outcome is the same—the Superior Court did not violate Thomas's rights under the U.S. Constitution.

### B.

In 1987, the U.S. Supreme Court held in *Rock v. Arkansas* that criminal defendants have a fundamental right under the U.S. Constitution to testify on their own behalf.[8] According to the Court, "[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so."[9] Although not stated explicitly in the U.S. Constitution or its Amendments, the right to testify is a "necessary ingredient[] of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without due process of law."[10] It is also grounded in the Compulsory Process Clause of the Sixth Amendment, which gives an accused the right to call

---

[5] Supr. Ct. R. 8; *Williams v. State*, 796 A.2d 1281, 1284 (Del. 2002).
[6] *Cooke v. State*, 977 A.2d 803, 841 (Del. 2009).
[7] Opening Br. at 5; Answering Br. at 5.
[8] 483 U.S. 44 (1987).
[9] *Id.* at 53.
[10] *Id.* at 51.

witnesses whose testimony is material and favorable to his defense. And it is "a necessary corollary to the Fifth Amendment's guarantee against compelled testimony."[11] The right to testify is a fundamental constitutional right that is personal to the defendant.[12]

Our Court is of the same mind.[13] As we have explained, a defendant's decision whether to testify goes to the "fundamental fairness of the trial."[14] And under the Delaware Rules of Professional Conduct, defense counsel must honor a defendant's personal decision whether to testify.[15]

The question before us is not, however, whether there is a constitutional right to testify in one's defense in a criminal trial. Clearly there is. Also not before us is a self-represented defendant laboring under a misunderstanding of his right to testify,[16] a defendant who demands to testify and is prevented from testifying,[17] or a

---

[11] *Id.* at 52.

[12] *Id.* at 53 n. 10 ("On numerous occasions the Court has proceeded on the premise that the right to testify on one's own behalf in defense to a criminal charge is a fundamental constitutional right."). *See also Riggins v. Nevada*, 504 U.S. 127, 144 (1992); *In re Oliver*, 333 U.S. 257, 273 (1948); *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018); *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

[13] *Cooke*, 977 A.2d at 841-843; *Erskine v. State*, 2013 WL 1919121 (Del. 2013).

[14] *Cooke*, 977 A.2d at 841 (quoting *Arko v. People*, 183 P.3d 555, 558 (Colo. 2008)).

[15] Del. Lawyers' R. Prof'l Conduct 1.2(a).

[16] *United States v. Ly*, 646 F.3d 1307 (11th Cir. 2011) (holding that when the court is alerted that a *pro se* defendant is waiving their right to testify based on a misunderstanding of the law, the court has a duty to conduct a colloquy and correct the *pro se* defendant's misunderstanding of their right to testify).

[17] *Hartsfield v. Dorethy*, 949 F.3d 307, 315 (7th Cir. 2020) (recommending that trial counsel or the judge put a defendant's waiver of their right to testify on the record outside the presence of the jury to eliminate questions surrounding waiver, such as when defense counsel is claimed to have "shushed" a defendant who tries to assert their right to testify before the judge).

defendant who has a conflict with his counsel about whether to testify.[18]  What is under consideration is whether, as a federal constitutional matter, the right to testify requires the trial court to conduct a colloquy with the defendant to make sure that he understands his right to testify, and if he decides not to testify, has voluntarily, knowingly and intelligently waived the right.

We are persuaded by the greater weight of authority that, as a federal constitutional matter, a colloquy is not required.[19]  First, the right to testify is different from other constitutional rights waived only after a colloquy with the court into the validity of the waiver. As the Third Circuit has observed, the right to testify is anchored in the Fifth Amendment, which also provides for a guarantee against compelled testimony in criminal cases.[20]  Thus, "[e]xercise of either the right to testify or the right not to testify necessarily would waive the other right."[21]  If the trial court, however well-intentioned, inserts itself into the decision, it "could

---

[18] *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir.1995) (when defense counsel "nullifies a defendant's right to testify over the defendant's protest, the defendant clearly has been denied the right to testify. In such a case, it may be advisable that the trial court inquire discreetly into the disagreement and ensure that constitutional rights are not suppressed wrongly.").

[19] *United States v. Ortiz*, 82 F.3d 1066 (D.C. Cir. 1996); *Siciliano v. Vose*, 834 F.2d 29 (1st Cir. 1987); *Brown v. Artuz*, 124 F.3d 73 (2d Cir. 1997); *United States v. Pennycooke*, 65 F.3d 9 (3d Cir. 1995); *United States v. Muslim*, 944 F.3d 154 (4th Cir. 2019); *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009); *Liegakos v. Cooke*, 106 F.3d 1381 (7th Cir. 1997); *U.S. v. Ehrmann*, 421 F.3d 774 (8th Cir. 2005); *United States v. Martinez*, 883 F.2d 750 (9th Cir. 1989), *vacated on other grounds*, 928 F.2d 1470 (9th Cir. 1991); *United States v. Janoe*, 720 F.2d 1156 (10th Cir. 1983); *United States v. Teague*, 953 F.2d 1525 (11th Cir. 1992).

[20] *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995), citing *Rock v. Arkansas*, 483 U.S. at 52.

[21] *Pennycooke*, 65 F.3d at 11.

inappropriately influence the defendant to waive his [or her] constitutional right not to testify, thus threatening the exercise of this other, converse, constitutionally explicit, and more fragile right."[22]

Second, we find the reasoning of the United States Court of Appeals for the Seventh Circuit in *United States v. Stark* instructive.[23] In *Stark*, the defendant claimed in a motion for a new trial after conviction that he wanted to testify at trial but believed he could not after signing a proffer letter during plea negotiations. The district court did not find the defendant's testimony credible after considering the testimony of his trial counsel that Stark agreed he should not testify. The court denied Stark's motion.

On appeal, the Seventh Circuit affirmed. The court found that although "[a] defendant's right to testify is fundamental, . . . there is no ironclad rule that a district court judge must always explore the question whether the defendant knowingly and voluntarily waived that right every time a defendant does not testify."[24] According to the court, the trial court may inquire into a defendant's decision not to take the stand, but is not required "to question a defendant *sua sponte* in order to ensure that his decision not to testify was undertaken knowingly and intelligently unless there

---

[22] *Id.*, *quoting Siciliano v. Vose*, 834 F.2d 29, 30 (1st Cir.1987).
[23] 507 F.3d 512 (7th Cir. 2007).
[24] *Id.* at 514.

is some indication that the defendant has been prevented from exercising that right."[25]

The court reasoned that inquiring into the decision to testify requires courts to "insert themselves into a sensitive aspect of trial strategy, thereby intruding inappropriately on the attorney-client relationship."[26] Although a judge might question the defendant when a conflict is apparent between the defendant and his lawyer about the decision to testify, the district court "retains discretion either to engage in this kind of colloquy or not."[27]

Professor LaFave and his criminal law treatise co-authors have summed up the relevant points:

> Most jurisdictions do not require an on-the-record waiver, and assume the defendant has waived his right to testify unless he demands this right. This position rests on several concerns: that, by advising the defendant of his right to testify, the court could influence the defendant to waive his right not to testify, "thus threatening the exercise of this other, converse, constitutionally explicit and more fragile right"; that a court so advising a defendant might improperly intrude on the attorney-client relation, protected by the Sixth Amendment, and defense strategy; and that a judge may not learn the defendant is not testifying until the defense rests, "not an opportune moment to conduct a colloquy." There is also the risk that a judge's explanation of the potential consequences of testifying may misinform the defendant or be perceived as a threat.[28]

---

[25] *Id.* at 516.
[26] *Id.*
[27] *Id.*
[28] Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, Criminal Procedure, 6 Crim. Proc. § 24.5(d) (4th ed.) (footnotes and citations omitted).

Specific to this appeal, we have heightened concerns about the trial judge inserting himself into Thomas's decision whether to testify. This was a bench trial. A defendant might be confused why the judge—the factfinder—is raising the right to testify and whether waiving it is in the defendant's best interest. One reasonable reaction to the judge's questioning might be that deciding not to testify creates a heightened risk of conviction. The trial judge in this case treaded lightly and appropriately, telling defense counsel to "think about and talk about as to what you want to do from here on in."[29]

There is no federal constitutional requirement for a colloquy before a defendant waives the right to testify. Thus, the Superior Court did not err under either a plain error or *de novo* standard of review when it did not, on its own, raise with Thomas the right to testify in his defense and ensure that his waiver was voluntary, knowing and intelligent.

III.

We affirm the Superior Court's judgment.

---

[29] App. to Opening Br. at A266.