[Cite as *Garrett v. Jackson*, 2024-Ohio-2902.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GIFTED A. GARRETT,                          :

    Plaintiff-Appellee,                :
                              No. 113016
    v.                                 :

DEREK JACKSON,                              :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 1, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-956750

---

### *Appearances:*

Gifted A. Garrett, *pro se.*

Derek Jackson, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Derek Jackson ("Jackson"), pro se, appeals a judgment awarding plaintiff-appellee, Gifted A. Garrett ("Garrett"), damages in the amount of $36,530.26, plus court costs. Jackson claims the following errors:

> 1. The trial court lacks evidence of why the appellant couldn't testify. Which [sic] is consistent with [United States] v [Pennycooke], 65 F.3d 9 (3rd Circ.1995)[.]

2. Constitution was ratified on December 15, 1971. It protects the right for citizens to have a jury trial. The trial court took the appellant's right to have jury trial. Appellant was aware that the trial judge had dispensed a lien on his property around 12/6/2021. By this notion alone[,] appellant would never receive a fair or just verdict.

3. The trial court lacks evidence where the trial court was given an unsigned lease to dispense a lien on Appellant's property. Appellant knowingly submitted to the court a fraudulent document.

4. The appellant was barred from introducing evidence that would have shown appellant suffered emotionally and economically. Please refer to case law *Holmes v. South Carolina* 54745 [sic].

5. The trial judge instructed the appellee to provide receipts to appellant in a timely manner prior to trial. The appellee provided the receipts the day of trial and this action prevented the appellant's attorney time to research and investigate the documents. This action also denies the appellant the right to present a defense. Please refer to case law *Ferensic v. Birkett*, 501 F.3d 469 (6th Cir.2007).

{¶ 2} We reverse the trial court's judgment and remand the case to the trial court for a new hearing on damages.

## I. Facts and Procedural History

{¶ 3} In May 2020, Garrett and Jackson entered into a lease agreement that allowed Garrett to lease two units in a building owned by Jackson on Kinsman Avenue in Cleveland ("the property"). Garrett claims to have invested money to renovate and improve the units for use as a restaurant and a salon. Pursuant to the terms of the lease, he also paid a security deposit and rent until October 2021, when the parties' relationship disintegrated, and Jackson allegedly interfered with Garrett's use of the property.

{¶ 4} In December 2021 Garrett filed suit against Jackson, asserting claims for breach of the covenant of quiet enjoyment, tortious interference with a business

interest, civil damages for a criminal act, unjust enrichment, and injunctive relief. Garrett alleged that Jackson constructively evicted him from the property by changing the locks to the units and turning off the utilities. Garrett further alleged that Jackson physically threatened him with a gun and that Jackson was subsequently charged with aggravated menacing and disrupting a public service following an incident at the property. Garrett alleged that he was unable to operate his businesses due to Jackson's actions and that he suffered damages as a result.

{¶ 5} After obtaining service on Jackson and after Jackson, pro se, filed an answer, Garrett served Jackson with discovery requests including requests for admissions. In one of the requests, Garrett asked Jackson to admit that the parties had a validly executed lease agreement. Jackson failed to file answers to the admissions, and Garrett filed a partial motion for summary judgment based on the admissions being deemed admitted pursuant to Civ.R. 36(A). Two months later, the trial court granted the motion for summary judgment as unopposed. The trial court concluded, based on the arguments and evidence presented, that Jackson breached the parties' lease agreement and was liable for damages on Garrett's claims.

{¶ 6} Jackson subsequently obtained counsel, who entered an appearance. His newly retained counsel filed a motion for relief from judgment, arguing that Jackson's failure to file a brief in opposition to the motion for summary judgment was excusable due to his lack of legal training, that the motion was timely filed, and that the lack of a signed lease constituted a meritorious defense. The trial court denied the motion, and the court later conducted a hearing on damages.

{¶ 7} Garrett testified at the hearing that he gave Jackson a $5,000 check plus $1,000 in cash for a security deposit prior to taking possession of the property in May 2020. He also stated that he paid $8,000 to have the windows tinted in the restaurant and for a mural to be painted on an exterior wall; $3,000 to install new floors in the salon; $1,940 to construct an interior wall; $6,926 for a point-of-sale-credit-card service; $3,680 to construct two reception desks; $1,720 for decals and signs; $2,020 for electrical work; $2,720 to paint the salon; and $400 to install an MP3 player and speakers. (Tr. 14, 18, 30-32, 40-42, and 50-55.) He also purchased a convection oven for $1,356, and a refrigerator for $2,194. Garrett stated that he paid $4,954.80 for an alarm system and that he purchased and installed nine booths, a security system, and other equipment.

{¶ 8} Garrett's salon and restaurant opened for business in May 2021. In the fall of 2021, Jackson had a disagreement with a hair stylist, who was renting a chair in Garrett's salon. According to Garrett, Jackson began sabotaging his businesses in October 2021, by turning off the utilities to the property. Garrett claims he was unable to properly run his businesses without electricity and water, but he nevertheless continued paying $1,500 per month in rent. Jackson later filed an eviction action against Garrett in the Cleveland Municipal Court, and the case was resolved by an agreed judgment entry wherein Garrett agreed to vacate the property in January 2022. (Tr. 114.)

{¶ 9} Garrett took most of his equipment and other items that were not nailed down and moved them to a new location down the road. He claimed, however, that

some of his property was damaged by Jackson. Garrett testified about the damage to his property and the cost of the movers. He presented receipts and bank statements to corroborate his testimony. The parties disputed who caused the damage, and Jackson claimed that Garrett's receipts were fraudulent. At the close of his case, Garrett requested damages in the amount of $147,775.96. (Tr. 79.)

{¶ 10} After hearing the evidence, the trial court awarded damages in the amount of $28,030.26. Pursuant to a provision in the lease agreement, the court also awarded attorney fees in the amount of $8,500. In sum, the court awarded judgment in favor of Garrett and against Jackson in the amount of $36,530.26, plus court costs. Jackson now appeals the trial court's judgment.

## II. Law and Analysis

### A. Right to Testify

{¶ 11} In the first assignment of error, Jackson argues the trial court erred by refusing to allow him to testify in rebuttal to Garrett's testimony. In the fourth assignment of error, Jackson argues the trial court erred by refusing to allow him to testify as to how Garrett's actions caused him to suffer emotionally and economically. In both assignments of error, Jackson argues the trial court erred in refusing to allow him to testify.

{¶ 12} Pursuant to Evid.R. 103(A)(2), a party may not predicate error on the exclusion of evidence unless two conditions are met: (1) the exclusion of such evidence affected a substantial right of the party, and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the

context within which questions were asked. *State v. Gilmore*, 28 Ohio St.3d 190, (1986), syllabus; *Hallisy v. Hallisy*, 2023-Ohio-2923, ¶ 20 (11th Dist.), citing *State v. Conway*, 2006-Ohio-791, ¶ 113; Evid.R. 103(A)(2).

{¶ 13} Due process is a substantial right. *Thomasson v. Thomasson*, 2018-Ohio-2417, ¶ 12-21. "A fundamental requirement of due process is notice and an opportunity to be heard." *In re R.M.*, 2024-Ohio-1885, ¶ 19 (8th Dist.). The trial court's refusal to allow Jackson to testify affected a substantial right because it deprived him of his right to be heard in his own defense.

{¶ 14} Jackson did not proffer the evidence he would have presented if he had been permitted to testify, but the substance of the excluded testimony was apparent from the context within which questions were asked of Garrett. Jackson claimed throughout the damages hearing that Garrett presented fraudulent receipts in support of his claim for damages. Garrett was the only witness to testify at the hearing, and his credibility was questionable. For example, when Garrett was asked if he had any receipts to prove his gross income from the restaurant before Jackson allegedly sabotaged it, he claimed that neither the point-of-sale-service company nor the bank would provide documentation to him. He stated:

> A: What happened was I was trying to get in contact with them. They're not sharing or cooperating with me in no type of way whatsoever. The account that I had went through Key Bank was closed as well and they have no documentation for me either. That's why I presented this documentation to my lawyer just —

> Q: So I wanted to ask about that. All the documents that we have talked about, all the exhibits that you have identified, those are documents that you have provided to your attorney, correct?

A: Correct.

Q: And you were asked several times about you didn't doctor them, or change them, or alter them in any way, correct?

A: Yes, sir.

(Tr. 88-89.)

{¶ 15} Thereafter, defense counsel questioned Garrett about his lengthy criminal history involving crimes of forgery, tampering with evidence, and misusing a credit card. (Tr. 90-93.) To confuse matters further, Garrett testified that he paid restaurant expenses with money from his separate daycare business. (Tr. 95.) He also admitted that he paid some bills with cash and, therefore, did not have bank records to substantiate those claims. (Tr. 97-98.) And there was evidence that he submitted two invoices for the same item and may have been seeking double recovery for that item. (Tr. 102.)

{¶ 16} Jackson's trial counsel asserted that Garrett's documentation was fraudulent and that Jackson intended to testify regarding Garrett's fraud. The trial court refused to allow Jackson to testify because it was a damages-only hearing, and Jackson's lawyer had an opportunity to cross-examine Garrett. (Tr. 124.) However, cross-examination is limited to the scope of Garrett's responses. Had Jackson been given an opportunity to testify in his own defense, he could have rebutted Garrett's testimony and provided additional information with which to evaluate the credibility of Garrett's damages. Therefore, the trial court's refusal to allow Jackson to testify about Garrett's alleged damages prejudiced Jackson's defense.

{¶ 17} However, Jackson did not present a counterclaim for damages. Therefore, the court's refusal to allow Jackson to testify about his alleged emotional and economic harm did not violate a substantial right because Jackson did not have any claims for emotional or economic harm pending before the court.

{¶ 18} Accordingly, the first assignment of error is sustained and the fourth assignment of error is overruled.

## B. Jury Trial

{¶ 19} In the second assignment of error, Jackson argues the trial court deprived him of his right to a jury trial because the damages hearing was tried to the court instead of a jury. However, the right to a jury trial is not automatic. *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432 (2002). Civ.R. 38 governs the right to a jury trial in civil cases and states, in relevant part, that "[t]he failure of a party to serve a [jury] demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury." Civ.R. 38(D).

{¶ 20} Jackson did not serve a jury demand as provided by the Ohio Rules of Civil Procedure. Jackson filed a pro se answer using a form provided by the common pleas court. The form includes an option to request a jury by checking the applicable box in the caption, but Jackson left the box unmarked. By neglecting to demand a jury, Jackson waived his right to a jury trial. The fact that Jackson represented himself pro se does not change that fact since "'[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.'" *Heller v. Ohio*

*Dept. of Jobs & Family Servs.*, 2010-Ohio-517, ¶ 18 (8th Dist.), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶ 21} Moreover, a lawyer entered an appearance on Jackson's behalf after the answer was filed but before the damages hearing. The lawyer did not seek to amend the answer or otherwise request a jury trial. Therefore, the trial court did not deprive Jackson of a right to a jury trial because he waived the right by failing to demand a jury.

{¶ 22} The second assignment of error is overruled.

### C. Unsigned Lease

{¶ 23} In the third assignment of error, Jackson argues Garrett failed to present sufficient evidence of damages because his claims were based on an unsigned lease agreement. He contends that without a signed lease, Garrett could not prove damages resulting from a breach of the lease.

{¶ 24} An unsigned copy of the lease was attached to the complaint and presented at the damages hearing. The attorney who prepared the lease averred in an affidavit attached to Garrett's partial motion for summary judgment that it was a true and accurate copy of the lease he prepared for the parties. Garrett averred in a separate affidavit that the parties signed a copy of the lease in the presence of a notary, who notarized it. Moreover, Garrett asked Jackson to admit that he breached the lease agreement in his requests for admissions. Because Jackson failed to respond to the request for admissions, the fact that Jackson breached the lease was deemed admitted. Therefore, the trial court had conclusive evidence that

Jackson breached the lease agreement. Accordingly, the third assignment of error is overruled.

### D. Last-Minute Receipts

{¶ 25} Finally, in the fifth assignment of error, Jackson argues he was prejudiced by Garrett's failure to produce copies of the receipts he intended to introduce as evidence in a timely manner. He contends that because they were produced on the day of the hearing, his trial counsel did not have sufficient time to research and investigate the documents.

{¶ 26} Jackson cites *Ferensic v. Birkett*, 501 F.3d 469 (6th Cir. 2007), in support of his argument. However, he does not cite to any part of the record, as required by App.R. 16(A)(7), to support his claim that Garrett failed to produce the receipts in a timely manner.

{¶ 27} In *Ferensic*, a federal district court granted a criminal defendant habeas relief on grounds that his Sixth Amendment rights were violated when a court refused to allow his expert to testify at trial. The court excluded the expert's testimony because the defendant failed to produce his expert's report by the court's deadline. In affirming the grant of habeas relief, the Sixth Circuit held that the defense expert should have been allowed to testify because there were less severe sanctions available, and the exclusion of the expert testimony deprived the defendant of his Sixth Amendment rights.

{¶ 28} *Ferensic* is distinguishable from the instant case because it involved a criminal's Sixth Amendment rights, and this case involves a civil matter. It also fails

to support Jackson's argument because it holds that the expert should have been allowed to testify despite the defense's failure to produce the expert report in a timely manner.

{¶ 29} The appellant bears the burden of demonstrating error on appeal. *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.). Appellate courts are not advocates. *Id.* Therefore, appellate courts "'cannot and will not search the record in order to make arguments on appellant['s] behalf.'" *Id.*, quoting *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (7th Dist. 2000). Where an appellant fails to comply with App.R. 16(A)(7) by failing to cite to any portions of the record that he believes support his argument, the reviewing court may disregard the assignment of error. *Id.*, citing *Young v. Kaufman*, 2017-Ohio-9015, ¶ 44 (8th Dist.), citing App.R. 12(A)(2). These rules apply even when the appellant is a pro se litigant because pro se litigants are bound by the same rules as litigants who are represented by counsel. *Nunn v. Mitchell*, 2023-Ohio-2484, ¶ 7 (8th Dist.) (Pro se appellant's assigned errors overruled where pro se appellant failed to comply with App.R. 12 and 16.).

{¶ 30} Jackson failed to support his argument with citations to relevant portions of the record demonstrating that he objected to Garrett's failure to produce the receipts in a timely manner or that the issue was otherwise raised in the trial court. In our review of the transcript, we found no objections made during the trial because of the untimely production of the receipts. Moreover, many, if not all, of Garrett's receipts and bank records were attached to the motion for summary

judgment that was filed months before the damages hearing. Therefore, Jackson's argument lacks merit.

{¶ 31} The fifth assignment of error is overruled.

{¶ 32} Judgment reversed. Case remanded to the trial court to allow Jackson to testify at a new hearing on damages.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR